# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| BILL HEARD ENTERPRISES, INC., et al., | } | CASE NO. 08-83029-JAC-11 |
| | } | (Jointly Administered) |
| | } | |
| | } | CHAPTER 11 |
| Debtor(s). | } | |
| | | |
| BILL HEARD CHEVROLET | } | |
| CORPORATION-ORLANDO, | } | AP 09-80012-JAC-11 |
| | } | |
| Plaintiff | } | |
| v. | } | |
| | } | |
| GORDON BLAU, J. GORDON BLAU, P.A., | } | |
| GARY RILEY; CARLA SILVER AND | } | |
| STEPHAN SILVER | } | |

## MEMORANDUM OPINION

This case is before the Court on motion filed by defendants for relief from final judgment entered by this Court on May 8, 2009 in favor of plaintiff and against the defendants following the clerk's entry of default entered in this case on April 29, 2009. Defendants argue that the default judgment should be set aside pursuant to Federal Rules of Civil Procedure 59 and 60(b). After reviewing the record and all documents submitted in connection with the motion, the Court enters the following order.

## PROCEDURAL HISTORY

On September 28, 2008, the debtors in the above styled jointly administered case filed for voluntary relief under Chapter 11 of Title 11 of the United States Code. On January 20, 2009, Bill Heard Chevrolet Corporation – Orlando, one of the debtors in the case, filed a complaint for

declaratory judgment against the defendants seeking a determination that $1.1 million dollars that the law firm of Latham, Shuker, Eden & Beaudine, LLP, debtor's counsel, transferred from its client trust account to the debtor pre-petition on August 22, 2008 is property of the debtor's bankruptcy estate within the meaning of 11 U.S.C. § 541.

On March 31, 2009, the Court held the initial pre-trial conference scheduled in this matter. At the hearing counsel for the plaintiff announced that although an answer was due in the case plaintiff had agreed with defendants to extend the answer deadline to April 7, 2009 because the plaintiff understood that defendants' counsel, Baker Donelson Bearman Caldwell & Berkowitz, P.C., intended to file a motion to withdraw. After the pre-trial conference, the parties submitted an agreed order finding that the defendants were properly served, that an answer was due, and extending the time for filing an answer until April 7, 2009.[1] The order also rescheduled the pre-trial conference to be held on April 15, 2009. By subsequent agreement between the parties, the time for filing an answer was extended to April 14, 2009.

On April 15, 2009, the Court held the rescheduled pre-trial conference at which Derek Meek, Esq., attorney for debtor, Richard Blythe, Esq., bankruptcy administrator, and Stuart Maples, Esq., appeared. Also appearing at the hearing via telephone were Gordon Blau, Esq., defendant, and Gerald Gillespie, Esq., attorney for debtor. Blau is licensed to practice law in the State of Florida having been admitted to practice law in that state in 1978. He is the attorney of record representing Gary Riley and Carla Silver, defendants, in an underlying class arbitration proceeding initiated by the defendants against Bill Heard–Orlando before the debtor filed for bankruptcy relief.

---

[1] On April 6, 2009, the Court entered an order granting motion filed by Baker Donelson Bearman Caldwell & Berkowitz, P.C. to withdraw as counsel.

2

At the pre-trial conference, Meek announced that the time for filing an answer as of April 14, 2009 had expired. Stuart Maples appeared at the hearing as the potential new counsel for Blau and the other defendants in this adversary proceeding, but explained that he had not yet been formally retained by Blau to represent the defendants. Maples requested that default judgement not be entered against Blau until he could finalize his retention with Blau. Initially Maples requested a continuance of only a few days, but Blau spoke on his own behalf and requested a two week extension to which counsel for plaintiff objected and requested a shorter extension. At the conclusion of the hearing the Court "set an absolute two-week deadline for an answer to be filed" in the case of April 29, 2009, by close of business.[2] The Court stated on the record that it was granting the two week extension, but would be looking for an entry of default and it would cut off the time for filing if defendants failed to comply with the deadline. Blau responded that he "appreciated the two-week extension." After further discussion, Blau responded again that he would "certainly have that answer within a two-week time period."[3]

After the time for filing the answer expired on April 29, 2009 without an answer having been filed by close of business on that date, plaintiff filed an application for entry of default. On April 30, 2009, the clerk entered a docket entry of default for failure to plead pursuant to Bankruptcy Rule 7055. Subsequently on April 30, 2009, Frank Tomlinson, Esq., filed an answer on behalf of defendants. On May 1, 2009, Tomlinson filed a motion to reinstate adversary proceeding and set aside clerk's entry of default. On May 6, 2009, the Court held a hearing on the motion to set aside.

---

[2] See Transcript of Proceedings at 10.

[3] See Transcript of Proceedings at 11.

3

At the hearing counsel for Blau stated that Blau had informed him the answer was due May 1, 2009. Counsel requested that the entry of default be set aside.

On May 8, 2009, the Court entered an order denying defendants' motion to set aside entry of default finding both that Blau engaged in culpable conduct warranting the denial of the motion to set aside entry of default and that defendants failed to present a meritorious defense that would affect the outcome of the case. The order entered judgment in favor of the plaintiff and decreed that the $1.1 million in funds transferred to debtor pre-petition from the client trust account of the debtor's attorney on August 22, 2008 were and are property of the debtor's estate within the meaning of 11 U.S.C. § 541.

## BACKGROUND

Pre-petition, Blau serving as counsel for defendants Silver and Riley initiated an arbitration proceeding against Bill Heard-Orlando. The defendants, prior customers of Bill Heard-Orlando, alleged that they suffered injuries as a result of the dealership's purported violation of the Florida Motor Vehicle Retail Sales Finance Act, FLA. STAT. § 520.01, *et seq.* Defendants sought to represent a putative class of persons having purchased vehicles from the dealership. The law firm of Latham, Shuker, Eden & Beaudine, LLP ("Latham") represented the debtor in the arbitration proceeding.

Prior to the petition date, Blau and Latham worked towards a proposed settlement of the arbitration proceeding on a class basis to pay Riley and Silver $51,000.00, provide others in the class with remuneration in the form of a $100 coupon redeemable at Bill Heard-Orlando, and to pay Blau $1.1 million dollars as class counsel.

4

While the arbitration action proceeded, the debtors settled a coverage lawsuit filed in the Middle District of Florida that it had brought against its insurer, Universal Underwriters, for breach of contract and bad faith for failure to defend and indemnify the debtor in the arbitration proceeding. Pursuant to the terms of the settlement agreement, Universal paid "Bill Heard, care of its counsel," the sum of $2,105,050.34.

On August 6, 2008, the debtor and Blau submitted a joint Motion for Preliminary Approval of Class settlement to the arbitrator. On the same date, the arbitrator signed an order entitled "Class Action Settlement Preliminary Approval Order." The order provided in part that "Objections to the proposed settlement will be considered by the Arbitrator only if served on Class counsel in writing and postmarked on or before September 29, 2008." The order further provided that a hearing would be held on October 9, 2008 "to determine whether the Arbitrator should give final approval to the settlement."

After the entry of the class action settlement preliminary approval order, the funds being held by Latham Shuker from the settlement proceeds in the action against Universal were sent to Bill Heard on or about August 22, 2008, at the debtor's request. On August 28, 2008 the arbitrator signed an order requiring the debtor to "immediately transfer the settlement funds" to Blau's trust account pursuant to the parties' agreement. The debtor being on the verge of filing bankruptcy failed to comply with this order and subsequently filed for bankruptcy protection on September 28, 2008. No further action took place in the arbitration proceeding until this Court lifted the stay on February 3, 2009 to allow the defendants' claims against the debtor and other third parties to proceed to establish the extent of the debtor's liability, if any, so that the defendants could then file

5

an accurate proof of claim in this case and proceed against any third-party non-debtors for collection.

Before the Court lifted the stay for the arbitration proceeding to continue, on January 27, 2009, Blau filed a response in the underlying bankruptcy case in which Blau conceded that he did not seek to have the debtor turnover the pre-petition funds paid by Universal and would only use the arbitration proceeding against the debtor as a means to determine what, if any, claims Blau had against the debtor and therefore the appropriate amount of a proof of claim to be filed with the Court. Blau now argues that the funds paid by Universal to the client trust account of Latham Shuker were not for the benefit of Bill Heard-Orlando, but to fund the arbitration settlement and that such funds are not property to the debtor's bankruptcy estate.

## CONCLUSIONS OF LAW

The Court finds that the defendants have failed to present sufficient evidence to satisfy their burden to set aside the final default judgment entered on May 8, 2009. To establish mistake, inadvertence or excusable neglect under Rule 60(b)(1), the Eleventh Circuit requires a defaulting party to show that: "it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint."[4] To establish a meritorious defense the Eleventh Circuit has explained that "the moving party 'must make an affirmative showing of a defense that is likely to be successful."[5]

---

[4] *Worldwide Web Systems, Inc. v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003).

[5] *Id.* at 1296.

6

The Court stands on its findings in the final judgment that the defendants' own pleadings establish that there is no meritorious defense that would affect the outcome of this case. Blau argues that the funds in dispute which were paid by Universal to "Bill Heard, care of its counsel," were not for the benefit of the debtor, but to fund the arbitration settlement between the defendants and the debtor. Blau asserts that debtor's counsel, Latham Shuker, had a duty to hold these funds in trust for the defendants as the intended beneficiaries of the funds. Blau argues a constructive trust was created by operation of law and that these funds are still due to be paid to defendants.

Blau's arguments overlook the fact that Universal paid the funds in settlement of a separate coverage lawsuit filed against it by Bill Heard in the Middle District of Florida in which the debtor sought damages against Universal for breach of contract and bad faith for failure to defend and indemnify the debtor in the arbitration proceeding. A review of the settlement agreement reveals that Universal paid Bill Heard the sum of $2,105,050.34 in settlement of that lawsuit. The settlement agreement did not require that the proceeds be held for the benefit of the defendants. The agreement simply provided that the funds were to be paid to "Bill Heard, care of its counsel." The agreement did not require Bill Heard to escrow the funds for defendants nor specify how the funds were to be used.

Blau's arguments also overlook the fact that the pending settlement in the underlying arbitration action was not finalized before Bill Heard filed for bankruptcy relief. The order entered by the arbitrator on August 6, 2008, gave a date of September 29, 2008 by which objections "to the *proposed settlement*" would be considered and set a hearing date of October 9, 2008 "to determine whether *final* approval" of the settlement would be granted. Before either date, Bill Heard filed for bankruptcy relief on September 28, 2008. Before the petition date the proceeds from Bill Heard's

7

lawsuit against Universal had been transferred to Bill Heard and were thus, property of this debtor's bankruptcy estate pursuant to 11 U.S.C. § 541. Accordingly, the Court finds that Blau has failed to demonstrate that there was a valid defense that would likely change the outcome of this case if the Court were to set aside the final entry of default. Not only was the arbitration proceeding not finalized pre-petition, but the disputed funds were paid to Bill Heard, care of counsel, by Universal in a separate and distinct lawsuit filed by Bill Heard against the insurer. The defendants were not parties to that lawsuit and can not establish that they were the intended beneficiaries of the settlement therein.

Blau further argues no prejudice to the plaintiffs by his failure to file his answer by the required date prior to the entry of default judgment. This case had been pending since January of 2009. The plaintiffs initially voluntarily agreed to extend the time for filing an answer twice in this case. The Court granted a third extension giving Blau an additional two weeks to file an answer over the plaintiff's objections at the hearing on April 15, 2009. At that hearing, counsel for the plaintiff objected to Blau's request for an additional two week continuance and explained that if Blau intended to assert cross-claims and third-party claims the answer needed to be filed as soon as possible. The debtor's bankruptcy case is highly complex and fast moving. The Court had previously lifted the stay on February 3, 2009 in this adversary proceeding to allow the arbitration proceeding to proceed. The Court specifically noted in the order lifting the stay, that Blau had conceded in the underlying bankruptcy case that he did not seek to have the debtor turnover the pre-petition settlement funds and would only use the arbitration proceeding against the debtor to determine what claims the defendants have against the debtor. Given the circumstances surrounding this adversary proceeding and the fast moving nature of the debtor's underlying

8

Case 09-80012-JAC    Doc 49    Filed 06/08/09    Entered 06/08/09 08:54:56    Desc Main
Document      Page 8 of 10

bankruptcy case, the Court believes that the motion would certainly result in prejudice to the debtor despite the fact Blau finally filed his answer the day after the clerk entered default.

Finally, the Court finds Blau's argument that he simply misunderstood the Court's oral order on April 15, 2009 to extend the time for filing to May 1, 2009. While the Court in no way faults the attorney ultimately hired by Blau for missing the April 29, 2009 close of business deadline to file the answer, the Court finds Blau's argument that he misunderstood the Court to be astounding. Blau, who the Court allowed to appear at the hearing as it routinely does by telephone, asserts in the motion for relief from judgment that he had trouble hearing due to a poor telephone connection and that he simply misunderstood the Court's directive. The Court has reviewed the transcript of the hearing from the April 15, 2009 hearing and notes that Blau never once indicated that he was having trouble hearing or that the telephone connection was poor. In fact at the end of the hearing, Blau thanked the Court for the two week extension and indicated that the would comply with same. Blau asserts now that he understood the Court was granting a two week extension from April 17, 2009 until May 1, 2009. However on pages 5 and 6 of the transcript from the April 15, 2009 hearing, Blau specifically stated that he "**would just like to have a period of two weeks from today**, in the event that Mr. Maples and I can't get to the agreement." The Court gave Blau, an attorney licensed to practice in the State of Florida, exactly what he asked for over the plaintiff's objection by extending the time to file an answer to April 29, 2009 by close of business. The Court now finds Blau's assertions that he misunderstood the Court's directive to by nothing short of incredulous and finds that Blau has not demonstrated that a good reason existed for failing to reply to the complaint. Blau's motion for relief from judgment is therefore denied.

A separate order will be entered consistent with this opinion.

9

Case 09-80012-JAC    Doc 49    Filed 06/08/09    Entered 06/08/09 08:54:56    Desc Main
Document      Page 9 of 10

**DONE and ORDERED** this date: June 8, 2009.

                                                             /s/   Jack Caddell
                                                             Jack Caddell
                                                             United States Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
        Marc P. Solomon, attorney for debtor(s)
        Frank H. Tomlinson, attorney for defendants
        Richard Blythe, bankruptcy administrator

10